IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID BRIDGE, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | Case No. 4:23-cv-547 |
| WOPAC CONSTRUCTION, INC. | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff David Bridge ("Bridge") brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendant under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended. For cause of action, Bridge respectfully shows as follows:

### I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendant has violated the FLSA by failing to pay Bridge, a non-exempt driver, in accordance with the guarantees and protections of the FLSA.

3. Defendant has failed to pay Bridge at time-and-one-half Bridge's regular rate of pay for all hours worked in excess of forty hours within a workweek, although Defendant had full knowledge that Bridge consistently worked over forty hours per week.

4. Defendant also retaliated against Bridge for complaining about Defendant's refusal to pay him overtime premiums under the FLSA.

## II. PARTIES

5. Plaintiff David Bridge is an individual residing in Collin County, Texas.

6. Defendant Wopac Construction, Inc. is a Texas corporation that employed Bridge in and around Collin County.

7. Wopac Construction, Inc.'s registered agent for service of process is Adam L. Leach, who may be served at Route #4, Box 144 C, McKinney Texas 75070, or at 4007 FM 1461, McKinney, Texas 75071, or at 926 Muncy Road, Gunter, Texas 75058.

8. At all times relevant to this claim, Wopac Construction, Inc. was an employer of Bridge as defined by 29 U.S.C. §203(d).

## III. JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction in this matter because Plaintiff asserts claims arising under federal law. Specifically, Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

10. Venue is proper in this district and division as all or a substantial part of the events forming the basis of this suit occurred in and around Collin County, Texas, which is in this District and Division.

11. Bridge was an employee of Defendant and performed work for Defendant in and around Collin County, Texas.

12. Defendant is subject to this Court's personal jurisdiction with respect to this civil action. Defendant thus resides in this district and division. 28 U.S.C. §1391(c). Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

## IV. COVERAGE UNDER THE FLSA

13. At all relevant times, Defendant has acted in the interest of an employer with respect to Bridge.

14. At all relevant times, Defendant has been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

15. At all relevant times, Defendant has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

16. At all relevant times, Defendant Wopac Construction, Inc. has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Wopac Construction, Inc. is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and that Wopac Construction, Inc. as an enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

17. At all relevant times, Bridge was an individual "employee" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendant at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

18. As a driver for Defendant, Bridge handled items telephones, vehicles, shovels and rakes as well as other items that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

## V. FACTUAL ALLEGATIONS

19. Defendant is a road building contractor.

20. Bridge worked as a driver for Defendant in Defendant's paving and chip sealing division. Bridge also helped lay concrete at various job sites.

21. All of the materials Bridge transported originated within Texas.

22. All of the materials Bridge transported were delivered to construction sites within Texas.

23. During all times relevant to this action, Bridge was a non-exempt employee.

24. Bridge routinely worked long hours and consistently worked more than forty hours per week.

25. In fact, Bridge averaged 50 hours per week.

26. Bridge complained about not receiving overtime premiums for hours worked over forty per workweek. Instead of complying with the FLSA, shortly after he complained about Defendant's refusal to pay him overtime premiums, Defendant fired him.

27. Defendant has knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation to Bridge.

## VI. CAUSES OF ACTION

### FAILURE TO PAY WAGES IN
### ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

28. Bridge incorporates all allegations contained in the foregoing paragraphs as though fully set forth herein.

29. During the relevant period, Defendant has violated Section 7 of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2) by employing Bridge in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than

40 hours without compensating Bridge for his work in excess of forty hours per week at rates no less than one-and-one-half times his regular rate for which he was employed. Defendant has acted willfully in failing to pay Bridge in accordance with applicable law.

## B. RETALIATION FOR ENGAGING IN PROTECTED CONDUCT

30. Bridge incorporates all allegations contained in the foregoing paragraphs as though fully set forth herein.

31. Bridge complained about Defendant's pay practices that were unlawful under the FLSA.

32. More specifically, Bridge complained about Defendant's refusal to pay him overtime premiums for hours worked over forty per workweek.

33. Bridge engaged in "protected conduct" by complaining about Defendant's FLSA violations.

34. Defendant did nothing to rectify the wage and hour violations about which Bridge complained.

35. In fact, shortly after his complaint about Defendant's failure to pay overtime premiums, Defendant retaliated against Bridge by firing him.

36. Defendant willfully, intentionally, and unlawfully retaliated against Bridge based on his lawful complaints of wage-hour violations.

37. Defendant has willfully violated the anti-retaliation provisions of the FLSA, which prohibits "any person" from "discharging or in any other manner discriminating against an employee because that employee has engaged in protected conduct." 29 U.S.C. § 215(a)(3).

## VII. PRAYER FOR RELIEF

WHEREFORE, cause having been shown, upon final hearing of this cause, Bridge prays for judgment against Defendant Wopac Construction, Inc. as follows:

a. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendant liable for unpaid back wages due to Bridge and for liquidated damages equal in amount to the unpaid compensation found due to Bridge;

b. For an Order pursuant to 29 U.S.C. § 215(a)(3), awarding Bridge compensatory damages, liquidated damages, and punitive damages in connection with the Defendant's unlawful retaliatory conduct with respect to Bridge;

c. For an Order awarding Bridge the taxable costs and allowable expenses of this action;

d. For an Order awarding Bridge attorneys' fees;

e. For an Order awarding Bridge pre-judgment and post-judgment interest at the highest rates allowed by law;

f. For an Order awarding Bridge declaratory and injunctive relief as necessary to prevent the Defendant's further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*;

g. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully Submitted,

**WELMAKER LAW, PLLC**
409 N. Fredonia, Suite 118
Longview, Texas 75601
Tel: (512) 799-2048

By: */s/ Douglas B. Welmaker*
      Douglas B. Welmaker
      Texas State Bar No. 00788641
      doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFF**