IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **DAVID BRIDGE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | |
| | § | Case No. 4:23-cv-547-KPJ-ALM |
| **WOPAC CONSTRUCTION, INC.** | § | |
| | § | |
| **Defendant.** | § | |

## JOINT CONFERENCE REPORT

Plaintiff David Bridge ("Plaintiff") and Defendant WOPAC Construction, Inc. ("Defendant") (collectively "The Parties") file this Joint Conference Report, and in support thereof would show the following:

1.     **A brief factual and legal synopsis of the case.**

**Plaintiff:** Plaintiff was not paid overtime premiums for hours worked over forty per week, and Plaintiff was discharged due to engaging in protected activity in trying to determine his rights under the FLSA.

**Defendant:** Defendant denies that it violated any federal or state constitutions, statutes or laws or that it deprived Plaintiff of any rights.  Defendant denies that it breached any legal duty owed to Plaintiff that proximately caused Plaintiff any harm. Defendant was hired the first time on July 19, 2021 and was terminated on January 26, 2022 for failing a drug test and failing to complete a drug test.  Plaintiff subsequently contacted Defendant stating that he no longer smoked marijuana and would like to be re-hired.  Defendant denies that it retaliated against Plaintiff.  Plaintiff was terminated the second time because of attendance issues.  More specifically, he missed 24 days of work in a period of approximately eight months.  Defendant denies that it retaliated against Plaintiff.  In his notice of application for unemployment, Defendant represented that he was fired

for attendance reasons. Plaintiff was properly compensated for hours worked pursuant to an alternate method. During his employment from July 19, 2021 to January 26, 2022, Plaintiff was paid $3,486.00 more than he should have been paid for a 40 hour work week during that period. During his employment from June 13, 2022 to February 21, 2023, Plaintiff was paid $4,217.81 more than he should have been paid for a 40 hour work week. Alternatively, the acts or omissions complained of and Defendant's conformance with and reliance upon labor law regulations was in good faith, and Defendant had reasonable grounds to believe it was not violating any laws. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations. Defendant invokes the defenses, protections and limitations of the FLSA.

**2.    The jurisdictional basis for this suit.**

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA"). Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

**3.    A list of the correct names of the parties to this action and any anticipated additional or potential parties.**

Plaintiff:    David Bridge

Defendant:    WOPAC Construction, Inc.

**4.    A list of any cases related to this case pending in any state or federal court, identifying the case numbers and courts along with an explanation of the status of those cases.**

None.

**5.    Confirmation that the initial disclosures required by Rule 26(a)(1) and this Order have been completed.**

Initial disclosures required by Rule 26(a)(1) and this Order will be completed on or before November 30, 2023.

**6.     Proposed scheduling order deadlines. Appendix 1 has the standard deadlines. Explain any deviations from the standard schedule. Now is the time to inform the Court of any special complexities or need for more time before the trial setting. The standard schedule is planned so that there is time to rule on dispositive motions before parties begin final trial preparation.**

See attached Exhibit A.

**7.     Description, in accordance with Rule 26(f), of the following:**

**(i) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

This is addressed in Number 6, above.

**(ii) Any issues relating to disclosure or discovery of electronically stored information ("ESI"), including the form or forms in which it should be produced (whether native or some other reasonably usable format) as well as any methodologies for identifying or culling the relevant and discoverable ESI. Any disputes regarding ESI that counsel for the parties are unable to resolve during their conference must be identified in the report.**

No issues are known at this time. The Parties agree to comply with Federal Rules of Civil Procedure in connection with the disclosure and discovery of electronically stored information and, if needed, to confer and work collaboratively to discuss search terms with respect to searching sources of electronically stored information and whether metadata is needed. To the extent the parties have discovery in ESI form, they agree to preserve same and make it available to the party requesting it.

**(iii) Any agreements or disputes relating to asserting claims of privilege or preserving discoverable information, including ESI and any agreements reached under Federal Rule of Evidence 502 (such as the potential need for a protective order and any procedures to which the parties might agree for handling inadvertent production of privileged information and other privilege waiver issues). A party asserting that any information is confidential should immediately apply to the Court for entry of a protective order.**

Not applicable at this time.

**(iv) Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and any other limitations that should be imposed.**

This is addressed in Number 6, above.

**(v) Whether any other orders should be entered by the Court pursuant to Federal Rule of Civil Procedure 26(c) or Rule 16(b), (c).**

The Parties do not anticipate the need for such orders at this time.

**8.     Statement of the progress made toward settlement and the present status of settlement negotiations, including whether a demand and/or an offer has been made. If the parties have agreed upon a mediator, also state the name, address, and phone number of that mediator and a proposed deadline for mediation. An early date is encouraged to reduce expenses. The Court will appoint a mediator if none is agreed upon.**

Plaintiff will forward a settlement demand to Defendant by Monday, November 27, 2023.

**9.     The identity of persons expected to be deposed.**

Plaintiff:  Plaintiff expects to depose those individuals listed by Defendant as having knowledge of relevant facts and a 30(b)(6) witness.

Defendant:  At this time, Defendant expects to depose those individuals listed by Plaintiff as having knowledge of relevant facts, Shawn McDonald M.D., Quest Diagnostics and  representatives of the Texas Workforce Commission.

**10.    Estimated trial time and whether a jury demand has been timely made.**

The Parties estimate trial will take between 2-3 days.  A jury demand has been made.

**11. The names of the attorneys who will appear on behalf of the parties at the management conference (the appearing attorney must be an attorney of record and have full authority to bind the client).**

Douglas B. Welmaker
Welmaker Law, PLLC
On behalf of Plaintiff

Michael C. Wynne
Wynne, Smith & Young, PLLC
On behalf of Defendant

**12.    Whether the parties jointly consent to trial before a magistrate judge.**

The parties do not jointly consent to trial before a magistrate judge.

**13.    Any other matters that counsel deem appropriate for inclusion in the joint conference report or that deserve the special attention of the Court at the management conference.**

None at this time.

Respectfully Submitted,

By: /s/ *Douglas B. Welmaker*
Douglas B. Welmaker
Texas State Bar No. 00788641
Attorney-in-Charge
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview Texas 75601
(512) 799-2048 (Direct)
doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFF**

By: /s/ *Michael C. Wynne*
MICHAEL C. WYNNE
ATTORNEY IN CHARGE
State Bar No. 22110800
WYNNE, SMITH & YOUNG, PLLC
707 W. Washington Street P.O. Box 2228
Sherman, Texas 75090
903.893.8177 (T) 903.892.0916 (F)
mwynne@wynnesmithlaw.com

ATTORNEYS FOR DEFENDANT
WOPAC CONSTRUCTION, INC.

5