# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **DAVID BRIDGE,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-547-ALM-KPJ |
| | § | |
| **WOPAC CONSTRUCTION, INC.,** | § | |
| | § | |
| Defendant. | § | |

## SCHEDULING ORDER

The Court, after reviewing the case management report required by Federal Rule of Civil Procedure 26(f) and conducting the scheduling conference on December 13, 2023, enters this case-specific order which controls disposition of this action pending further order of the Court. The following actions shall be completed by the date indicated:[1]

### DEADLINES

| | |
|---|---|
| December 20, 2023 | Deadline for motions to transfer. |
| January 24, 2024 | Deadline to add parties. |
| February 21, 2024 | Disclosure of expert testimony pursuant to FED. R. CIV. P. 26(a)(2) and Local Rule CV-26(b) on issues for which the party bears the burden of proof. |
| March 6, 2024 | Deadline for Plaintiff to file amended pleading. (A motion for leave to amend is required.) |
| March 20, 2024 | Disclosure of expert testimony pursuant to FED. R. CIV. P. 26(a)(2) and Local Rule CV-26(b) on issues for which the party does not bear the burden of proof. |
| March 20, 2024 | Deadline for Defendant's final amended pleadings. (A motion for leave to amend is required.) |

---

[1] If a deadline falls on a Saturday, Sunday, or a legal holiday as defined in Fed. R. Civ. P. 6, the effective date is the first federal court business day following the deadline imposed.

| | |
|---|---|
| April 3, 2024 | Deadline to object to expert testimony on issues for which the party seeking to introduce that testimony bears the burden of proof. Objection shall be made as a motion to strike or limit expert testimony and shall be accompanied by a copy of the expert's report in order to provide the Court with all the information necessary to make a ruling on any objection. |
| April 17, 2024 | Deadline to object to expert testimony on issues for which the party seeking to introduce that testimony does not bear the burden of proof. Objection shall be made as a motion to strike or limit expert testimony and shall be accompanied by a copy of the expert's report in order to provide the Court with all the information necessary to make a ruling on any objection. |
| May 15, 2024 | Deadline by which the parties shall notify the Court of the name, address, and telephone number of the agreed-upon mediator, or request that the Court select a mediator, if they are unable to agree on one. |
| May 29, 2024 | All discovery shall be commenced in time to be completed by this date. |
| June 19, 2024 | Deadline for motions to dismiss, motions for summary judgment, or other dispositive motions. |
| June 26, 2024 | Mediation must occur by this date. |
| October 24, 2024 | Notice of intent to offer certified records. |
| October 24, 2024 | Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order and Joint Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in non-jury cases). |
| October 31, 2024 | Video Deposition Designation due. Each party who proposes to offer a deposition by video shall serve on all other parties a disclosure identifying the line and page numbers to be offered. All other parties will have seven calendar days to serve a response with any objections and requesting cross examination line and page numbers to be included. Counsel must consult on any objections and |

| | |
|---|---|
| | only those which cannot be resolved shall be presented to the Court. The party who filed the initial Video Deposition Designation is responsible for preparation of the final edited video in accordance with all parties' designations and the Court's rulings on objections. |
| November 7, 2024 | Motions in limine due.<br>File Joint Final Pretrial Order due.<br>*See* http://www.txed.uscourts.gov/?q=forms/misc<br>Exhibit and Witness Lists due. |
| November 21, 2024 | Response to motions in limine due.[2]<br><br>File objections to witnesses, deposition extracts, and exhibits, listed in pre-trial order.[3] (This does not extend deadline to object to expert witnesses.)<br><br>File Proposed Jury Instructions/Form of Verdict (or Proposed Findings of Fact and Conclusions of Law). |
| Date will be set by Court. Usually within 10 days prior to final pretrial conf. | If numerous objections are filed, the Court may set a hearing to consider all pending motions and objections. |
| December 5, 2024 | Final Pretrial Conference at 9:00 a.m. at the Paul Brown United States Courthouse located at 101 East Pecan Street in Sherman, Texas. Date parties should be prepared to try case. All cases on the Court's Final Pretrial Conference docket for this day have been set at 9:00 a.m. However, prior to the Final Pretrial Conference date, the Court will set a specific time between 9:00 a.m. and 4:00 p.m. for each case, depending on which cases remain on the Court's docket. |
| To be determined | 9:00 a.m. Jury selection and trial (or bench trial) at The Paul Brown United States Courthouse located at 101 E. Pecan Street in Sherman, Texas. Cases that remain for trial following the Court's Pretrial docket will be tried between **January 6, 2025 and January 31, 2025**. A |

---

[2] This is not an invitation or requirement to file written responses. Most motions in limine can be decided without a written response. However, if there is a particularly difficult or novel issue, the Court needs some time to review the matter. To save time and space, respond only to items objected to. All others will be considered to be agreed. Opposing counsel **shall confer** in an attempt to resolve any dispute over the motions in limine within five calendar days of the filing of any response. The parties shall notify the Court of all the issues which are resolved.

[3] Within five calendar days after the filing of any objections, opposing counsel **shall confer** to determine whether objections can be resolved without a court ruling. The parties shall notify the Court of all issues which are resolved. The Court needs a copy of the exhibit or the pertinent deposition pages to rule on the objection.

3

specific trial date in this time frame will be selected at the Final Pretrial Conference.

## DISCOVERY

<u>Disclosure</u>. The parties are reminded of the requirement, set out in the Court's initial Order Governing Proceedings, to have already disclosed, without awaiting a discovery request, information in addition to that required by Fed. R. Civ. P. 26, including names of persons likely to have, and documents containing, information "relevant to the claim or defense of any party." If there are any questions about whether information is "relevant to the claim or defense of any party," review Local Rule CV-26(d).

The parties are excused from the pretrial disclosure requirements set forth in Federal Rule of Civil Procedure 26(a)(3), as such disclosure is cumulative of this Court's pre-trial order procedures.

<u>Electronically Stored Information ("ESI")</u>. The parties agree to comply with the Federal Rules of Civil Procedure in connection with the disclosure and discovery of ESI and, if needed, to confer and work collaboratively to discuss search terms with respect to searching sources of ESI and whether metadata is needed. To the extent the parties have discovery in ESI form, they agree to preserve the same and make it available to the party requesting it.

<u>Discovery Disputes</u>. In the event the parties encounter a discovery dispute, no motions to compel may be filed absent leave of the Court. If the parties are unable to resolve the dispute without court intervention, the parties must then call the Court's chambers to schedule a telephone conference regarding the subject matter of the dispute prior to filing any motion to compel. After reviewing the dispute, the Court will resolve the dispute or order the parties to file an appropriate motion.

<u>502(d) Inadvertent Disclosure</u>. Pursuant to FED. R. EVID. 502(d), a party's inadvertent disclosure or production of any documents or information in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by that party of any privilege or protection applicable to those documents, including the attorney-client privilege, work product protection, and any other privilege or protection recognized by law. The provisions of Fed. R. Evid. 502(b) are inapplicable to the production of documents or information under this Order. Specifically, there has been no waiver if a party discloses privileged or protected information inadvertently or otherwise regardless of whether the party took reasonable steps to prevent the disclosure or to rectify the error.

<u>Protective Order</u>. If necessary, the parties shall submit a proposed agreed protective order using the form order on the undersigned's page on the Court's website. To the extent the parties wish to propose modified language to specifically address the issues in this lawsuit, such modified language shall be identified by using variations in font and/or typeface.

## COMPLIANCE

A party is not excused from the requirements of this scheduling order by virtue of the fact that dispositive motions are pending, the party has not completed its investigation, the party challenges the sufficiency of the opposing party's disclosure, or because another party has failed to comply with this Order or the rules.

Failure to comply with relevant provisions of the Local Rules, the Federal Rules of Civil Procedure or this Order may result in the exclusion of evidence at trial, the imposition of sanctions by the Court, or both.  If a fellow member of the Bar makes a just request for cooperation or seeks scheduling accommodation, a lawyer will not arbitrarily or unreasonably withhold consent. However, the Court is not bound to accept agreements of counsel to extend deadlines imposed by rule or court order.  *See* Local Rule AT-3(j).

## OTHER MATTERS

1. Please note the amendments to the Local Rules regarding motion practice. If a document filed electronically exceeds ten pages in length, including attachments, a paper copy of the filed document must be sent contemporaneously to the undersigned's chambers in Sherman. *See* Local Rule CV-5(a)(9).  Courtesy copies over twenty pages long should be bound to the left, and voluminous exhibits should be separated by dividers.

2. If necessary, the parties should notify the Court if the parties are interested in having this case submitted to a Magistrate Judge for settlement conference.

3. Any reply or sur-reply must be filed in accordance with Local Rule CV-6 and Local Rule CV-7(f). The parties are reminded that "[t]he court need **not** wait for the reply or sur-reply before ruling on the motion."  Local Rule CV-7(f) (emphasis added).

4. The parties may consent to have all proceedings in this case, including all pretrial and trial proceedings, entry of judgment and post-trial motions, conducted before the undersigned. *See* 28 U.S.C. § 636(c). The consent form is available on the Court's website: txed.uscourts.gov.

5. <u>Courtroom Opportunities for Newer Attorneys</u>
If a party is interested in having a Newer Attorney argue a motion, after the motion is ripe, the party should contact the chambers of the undersigned to request oral argument and inform chambers that a Newer Attorney will argue the motion or a portion of the motion.

**So ORDERED and SIGNED this 13th day of December, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE